# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

Nº 14-CV-833 (JFB) (WDW)

————————————

JAMES J. BODMANN AND LUCILLE BODMANN,

Plaintiffs,

VERSUS

JPMORGAN CHASE BANK, N.A. AND SUNTRUST MORTGAGE INC.,

Defendants.

————————————

**MEMORANDUM AND ORDER**
July 7, 2014

————————————

JOSEPH F. BIANCO, District Judge:

In this civil rights action brought under 42 U.S.C. § 1983, *pro se* plaintiffs James J. Bodmann and Lucille Bodmann (collectively, "plaintiffs") allege that JPMorgan Chase Bank, N.A. ("JPMC") and SunTrust Mortgage Inc. ("SunTrust") (collectively, "defendants") violated their civil rights by securitizing a promissory note executed and delivered by plaintiffs to SunTrust. Defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants the motions to dismiss.

## I. BACKGROUND

### A. Facts

The following facts are taken from plaintiffs' complaint and the complaint in a related foreclosure action, of which the Court may take judicial notice, and which provides context to the allegations in this action. *See, e.g.*, *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."); *Vaughn v. Consumer Home Mortg. Co., Inc.*, 470 F. Supp. 2d 248, 256 n.8 (E.D.N.Y. 2007) ("It is . . . well established that courts may take judicial notice of court records"), *aff'd*, 297 F. App'x 23 (2d Cir. 2008). These are not findings of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the present motions and construes them in the light most favorable to plaintiffs, the non-moving parties.

On May 20, 2013, JPMC commenced a mortgage foreclosure action against plaintiffs in the Supreme Court of the State of New York, County of Nassau. (*See* Dekar

1

Decl., Apr. 25, 2014, Ex. B.) In that action, JPMC alleges that, on or about October 10, 2006, plaintiffs executed and delivered to SunTrust a note promising to pay SunTrust $360,000.00 plus annual interest at a rate of 6.75% over thirty years (the "note"). (*Id.*) As collateral, plaintiffs allegedly gave a mortgage on their home to Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for SunTrust, its successors and assigns. (*Id.*) JPMC claims that MERS assigned the mortgage to JPMC on April 3, 2013, and that JPMC is the current holder of the note and mortgage. (*Id.*) According to JPMC, plaintiffs are in default, which prompted the mortgage foreclosure action. (*Id.*)

In this action, plaintiffs allege that they first discovered "some defects" in the note and mortgage on or about September 16, 2012. (Compl. ¶ IV.) Specifically, they claim that SunTrust assigned the note to JPMC, and that the note was securitized in the form of either a mortgage-backed security, bond certificate, or multi-level securities offering. (*Id.*) Somewhere along the way, they claim that the note and the mortgage were split. (*Id.*) Plaintiffs further allege that neither defendant informed them that the note would be placed in a "private bond offering in which there was risk of loss of their home as a result of the movement of the market and the economy." (*Id.*) They assert that the securitization of the note "was in violation of [their] due process rights concerning the chain of custody of their mortgage and note, and it would be in violation of Plaintiff's rights to equal protection of the law for this issue." (*Id.*) They also claim that "the separation of the mortgage and note was in violation of Plaintiff's equal protection rights to his contract of mortgage and note," and that the separation of the mortgage and note renders the instruments unenforceable. (*Id.*)

As redress for these alleged violations of their constitutional rights, plaintiffs seek to quiet title to the property located at 228 N. Kings Avenue in Massapequa, New York (the property they mortgaged to SunTrust that is now the subject of the foreclosure action). (*Id.*) They also seek $800,000.00 in punitive damages. (*Id.* ¶ V.)

B. Procedural History

Plaintiffs commenced this action on February 6, 2014. Defendants filed their respective motions to dismiss on April 25, 2014. Plaintiffs filed their opposition to the motions on May 27, 2014, and defendants filed their replies on June 5, 2014. The Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth two principles for a

district court to follow in deciding a motion to dismiss. 556 U.S. 662 (2009). The Court instructed district courts first to "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where, as here, plaintiffs are proceeding *pro se*, courts must construe the complaint liberally in their favor. *See, e.g.*, *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *8 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (applying *Iqbal* and *Twombly* standard to *pro se* complaint).

Finally, the Court notes that, in adjudicating a motion to dismiss under Rule 12(b)(6), it is entitled to consider the following: (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference; (2) documents integral to the complaint and relied upon in it, even if not attached or incorporated by reference; (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint; (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission; and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. *E.g. Jones v. Nickens*, 961 F. Supp. 2d 475, 483 (E.D.N.Y. 2013); *David Lerner Assocs., Inc. v. Phila. Indem. Ins. Co.*, 934 F. Supp. 2d 533, 539 (E.D.N.Y. 2013), *aff'd*, 542 F. App'x 89 (2d Cir. 2013); *SC Note Acquisitions, LLC v. Wells Fargo Bank, N.A.*, 934 F. Supp. 2d 516, 524 (E.D.N.Y. 2013), *aff'd*, 548 F. App'x 741 (2d Cir. 2014).

## III. DISCUSSION

### A. Legal Standard

As noted *supra*, plaintiffs bring this action under 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, (2) by a person acting under the color of state law. 42 U.S.C. § 1983.

"'Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.'" *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005)). Thus, as the plain language of Section 1983 indicates, Section 1983 liability may be imposed only upon wrongdoers "who carry a badge of authority of a State and represent

it in some capacity, whether they act in accordance with their authority or misuse it." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (citation omitted); *see, e.g.*, *Singletary v. Chalifoux*, No. 13-CV-4205 (JG), 2013 WL 5348306, at *2 (E.D.N.Y. Sept. 23, 2013) ("Section 1983 'constrains only state conduct, not the acts of private persons or entities.'" (quoting *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009))).

The conduct of a private party may constitute state action if it is "'so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action.'" *Fabrikant*, 691 F.3d at 206–07 (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 847 (1982)); *see, e.g.*, *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012) ("Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." (internal quotation marks omitted)). However, "a private entity does not become a state actor for purposes of § 1983 merely on the basis of 'the private entity's creation, funding, licensing, or regulation by the government.'" *Fabrikant*, 691 F.3d at 207 (quoting *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003)). "Rather, 'there must be such a close nexus between the [s]tate and the challenged action' that the state is '*responsible* for the specific conduct of which the plaintiff complains.'" *Id.* (quoting *Cranley*, 318 F.3d at 111) (brackets and emphasis in original). In particular, the Second Circuit has recognized "[t]hree main tests" to determine whether the conduct of a private party constitutes state action: (1) whether "the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test')"; (2) whether "the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test')"; or (3) whether "the entity has been delegated a public function by the state ('the public function test')." *Id.* (internal citations omitted). In determining whether a private party has acted under color of state law, the Second Circuit considers "the specific conduct of which the plaintiff complains, rather than the general characteristics of the entity." *Id.* (internal citations omitted).

## B. Application

### 1. State Action

Plaintiffs have failed entirely to allege any conduct of either JPMC or SunTrust that could be considered state action. Although plaintiffs are correct that private actors may, in certain circumstances, be considered state actors, they allege no facts supporting such a conclusion in this case. Specifically, defendants' participation in the securitization of plaintiffs' mortgage loan does not constitute state action. *See, e.g.*, *Caple v. Parman Mortg. Assocs. L.P.*, No. 11-CV-3268 (NGG) (RER), 2012 WL 4511445, at *5 (E.D.N.Y. Oct. 1, 2012); *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369 (JS) (ARL), 2012 WL 1657362, at *4 (E.D.N.Y. May 7, 2012). As noted *supra*, defendants' alleged actions did not constitute state action merely because their conduct was regulated by state law. *Fabrikant*, 691 F.3d at 207; *see, e.g.*, *Caple*, 2012 WL 4511445, at *5 (citing cases). Moreover, plaintiffs offer no authority for the proposition that JPMC's act of commencing a foreclosure action constitutes state action, and the Court rejects that theory to the extent plaintiffs have raised it in their opposition. *See, e.g.*, *O'Bradovich v. Vill. of Tuckahoe*, 325 F. Supp. 2d 413, 424 (S.D.N.Y. 2004) ("Because Maron's filing

of the defamation lawsuit did not constitute state action, it is not actionable under § 1983."). Accordingly, the Court concludes that plaintiffs' Section 1983 claim must be dismissed for the failure to allege state action.[1]

### 2. Constitutional Violation

Even assuming *arguendo* that plaintiffs have sufficiently alleged the state action element of a Section 1983 claim, the Court concludes that plaintiffs have failed to allege any violation of their constitutional rights. In short, "courts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor a cause of action" under Section 1983 or any other statute. *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 898 (D. Haw. 2011) (citing cases); *see, e.g.*, *Fontaine v. JPMorgan Chase Bank, N.A.*, No. 13-CV-1892 (KBJ), 2014 WL 2000346, at *5 (D.D.C. May 16, 2014) (rejecting due process claim based on alleged securitization of loan and allegation that defendants did not have physical possession of original note documents); *Nials v. Bank of Am.*, No. 13-CV-5720 (AJN), 2014 WL 1174504, at *8 n.4 (S.D.N.Y. Mar. 21, 2014) (holding that securitization of mortgage loans is not unlawful). There is nothing unconstitutional about securitizing a mortgage loan or separating the mortgage from the note. Nor did defendants violate plaintiffs' due process or equal protection rights by failing to inform plaintiffs about the securitization

process, as plaintiffs allege.[2] Accordingly, the Court dismisses the Section 1983 claim for the failure to allege a constitutional violation.[3]

### IV. LEAVE TO AMEND

Having concluded that plaintiffs have failed to state a plausible claim under Section 1983, the Court considers whether *pro se* plaintiffs should be afforded an opportunity to amend their complaint. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that, where plaintiff proceeds *pro se*, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (internal citations and quotation marks omitted)). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*,

---

[1] Given plaintiffs' *pro se* status, the Court has also considered whether the complaint alleges a plausible claim that defendants acted in concert with a state actor to commit an unconstitutional act. *See, e.g.*, *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). However, plaintiffs do not allege any facts that could support such a claim.

[2] To be clear, the Court takes no position on whether there is any defect in JPMC's claim to the property at issue in the foreclosure action. This Court holds only that defendants' alleged actions do not amount to constitutional violations that are actionable under Section 1983.

[3] To the extent plaintiff also brings a separate claim to quiet title under New York law, the Court declines, in its discretion, to exercise supplemental jurisdiction over that claim because the Court is dismissing the only federal claim in this case. 28 U.S.C. § 1367(c)(3); *see, e.g.*, *DeFina v. Meenan Oil Co., Inc.*, 924 F. Supp. 2d 423, 439 (E.D.N.Y. 2013) (citing cases).

371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Here, plaintiffs' complaint is premised on an inaccurate view of the law, namely, that the securitization of loans or the initiation of foreclosure proceedings by private entities constitutes state action. Accordingly, better pleading would not cure the defects in plaintiffs' complaint, and leave to amend is therefore denied. *See, e.g.*, *Cuoco*, 222 F.3d at 112 (holding that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint); *Knox v. Countrywide Bank*, --- F. Supp. 2d ----, No. 13-CV-3789 (JFB) (WDW), 2014 WL 946635, at *10 (E.D.N.Y. Mar. 12, 2014) (denying leave to amend where plaintiffs' theory of liability was "premised on an inaccurate view of the law").

V. CONCLUSION

For the reasons set forth herein, plaintiffs have failed to state a plausible federal claim upon which relief may be granted, and the Court thus grants defendants' motions to dismiss in their entirety.[4] To the extent plaintiff attempts to assert a state law claim, the Court declines to exercise supplemental jurisdiction over any such claim. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 7, 2014
　　　Central Islip, NY

*　　*　　*

Plaintiffs proceed *pro se*. Defendant JPMorgan Chase Bank, N.A. is represented by Mary Claire Dekar, Morgan Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178. Defendant SunTrust Mortgage Inc. is represented by Laura M. Greco, McGlinchey Stafford PLLC, 194 Washington Avenue, Suite 600, Albany, NY 12210.

---

[4] Because the Court concludes that plaintiffs have failed to state a plausible claim upon which relief may be granted, the Court need not consider JPMC's additional argument that this Court should abstain from adjudicating the merits of this case because of the pending foreclosure action in state court.